**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4594-16T2
                A-4595-16T2

DAVID CHU,

     Plaintiff-Respondent,

v.

PHYSIQUES UNLIMITED, INC.,

     Defendant-Appellant,

and

SIGNATURE FITNESS, LLC, 492
CORTLANDT STREET REALTY,
LLC,

     Defendants,

and

ALEXANDER SICIGNANO, individually
and derivatively on behalf of
PHYSIQUES UNLIMITED II, INC.,

     Defendants/Third-Party
     Plaintiffs,

v.

AUGIE DASILVA and PHYSIQUES
UNLIMITED II, INC.,

      Third-Party Defendants.

_____

AUGIE DASILVA,

      Plaintiff-Respondent,

v.

PHYSIQUES UNLIMITED, INC.,

      Defendant-Appellant,

and

SIGNATURE FITNESS, LLC, 492
CORTLANDT STREET REALTY,
LLC,

      Defendants,

and

ALEXANDER SICIGNANO, individually
and derivatively on behalf of
PHYSIQUES UNLIMITED II, INC.,

      Defendants/Third-Party
      Plaintiffs,

v.

DAVID CHU and PHYSIQUES

UNLIMITED II, INC.,

      Third-Party Defendants.

_____

Submitted October 3, 2018 – Decided October 19, 2018

Before Judges Reisner and Mawla.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket Nos. L-7727-13 and L-7728-13.

Rachel Schulman, PLLC, attorneys for appellant Physiques Unlimited, Inc., (Rachel Schulman, of counsel and on the briefs).

Respondents have not filed a brief.

PER CURIAM

This opinion addresses two related appeals, both filed by defendant Physiques Unlimited, Inc. In A-4594-16, defendant appeals from a March 31, 2017 order, denying its motion to vacate an April 29, 2016 order granting judgment in favor of plaintiff David Chu. In A-4595-16, defendant appeals from a March 31, 2017 order, denying its motion to vacate a January 15, 2015 order granting judgment in favor of plaintiff Augie Dasilva. Judge Christine A. Farrington entered the underlying judgments from which defendant sought relief. Judge Annette Scoca entered the March 31, 2017 orders on appeal. At the bottom of each order, Judge Scoca wrote a statement of her reasons for

denying the motion. In essence, defendant claimed that the two judgments were obtained by fraud and without notice to its rightful corporate owner. Judge Scoca concluded that a responsive certification, filed in each motion by the attorney who represented the plaintiffs in those lawsuits, refuted the claims of fraud and lack of notice.

We dismiss both appeals as improperly perfected. In both appeals counsel failed to provide us with the complete trial court record, so that we could conduct a meaningful appellate review of Judge Scoca's decisions. See R. 2:6-1(a)(1)(I) (appellant's appendix must include those portions of the record that "are essential to the proper consideration of the issues"). In particular, counsel failed to provide us with the responses to defendant's motions to vacate, thus presenting a one-sided record. The missing documents include the certification that was critical to Judge Scoca's decisions in both of these cases. In addition, appellant's appendix improperly includes documents that were not filed with the trial court. See R. 2:5-4(a).

Moreover, although the appeals concern the denial of motions to vacate summary judgment orders, counsel did not provide us with any of the summary judgment motion evidence or argument transcripts. Without those documents, we cannot meaningfully review whether the orders should have been vacated.

Accordingly, we dismiss the appeal.  See Noren v. Heartland Payment Sys., Inc., 448 N.J. Super. 486, 500 (App. Div. 2017).

Finally, even if we considered the merits of this appeal, absent a proper record on which to evaluate Judge Scoca's decision, we would be constrained to treat her factual findings as binding for purposes of this appeal.  In fact we note that, in a letter filed in support of a motion for reconsideration of both March 31, 2017 orders, defendant's counsel essentially conceded the accuracy of the certification on which Judge Scoca relied.[1]  In light of the judge's factual findings, we perceive no abuse of discretion in her decisions, and if we considered the merits, we would affirm the orders on appeal.  See U.S. Bank Nat. Ass'n v. Guillaume, 209 N.J. 449, 467 (2012).

Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1]  Defendant did not appeal from Judge Scoca's June 9, 2017 orders denying reconsideration.